## Lovely v. Back.

(Decided April 15, 1914.)

### Appeal from Breathitt Circuit Court.

Evidence—Examined and held sufficient to sustain the judgment of the lower court.

O. H. POLLARD and McGUIRE & McGUIRE for appellant.

G. W. FLEENOR for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

This case involves purely questions of fact, and the issue grows out of a dispute as to the correct location of a line between the lands of the parties to this appeal.

It seems to be conceded that if the land here in controversy is the same land described in the judgment entered in 1901 in a suit in which Green Gardner and others were plaintiffs and the appellant, Lovely, defendant, that judgment is conclusive of the rights of the parties in this case.

The lower court adjudged that this judgment, which was properly set up as a defense by the appellee, was a bar to a recovery by the appellant, and therefore dismissed the suit of the appellant, who was plaintiff in the lower court.

It appears that in 1883 Stamper Gardner sold to Apperson Lovely a body of land on the waters of Wolfe Creek. After this, Stamper Gardner died, and there arose a dispute between Green Gardner, the sole heir of Stamper Gardner, and Apperson Lovely concerning the lines of the tract of land that had been sold by Stamper Gardner to Lovely. As a result of this dispute Gardner brought a suit in ejectment against Lovely, claiming that he was the owner of and entitled to the possession of a tract of land "beginning at a stake on

the line of defendant, near the forks of the Lynn Fork of the Wolfe Creek of Quicksand; thence with said line up each side of the said Lynn Fork; thence running up each point on the right and left around the head of said Lynn Fork, including all the land on the said fork containing about 200 acres.''

For answer to this suit Lovely, after denying that Gardner was the owner of or entitled to the possession of any part of this land, set up his purchase of it from Stamper Gardner who he averred had executed to him a deed for it.

Other pleadings were filed and the evidence taken, and a judgment entered adjudging that Gardner was the owner of and entitled to the possession of the land described in his petition. After this judgment was entered, Gardner sold to Holbrooks all the land described in the judgment, and thereafter Holbrooks sold the same land to the appellee, Back.

In this suit Lovely, claiming that he was the owner of and entitled to the possession of the boundary of land described in his petition, sought a judgment against Back to restrain him from trespassing upon the land and cutting timber thereon.

In answer to this suit Back, among other things, relied for defense upon the judgment in the case of Gardner v. Lovely, and averred that the land Lovely was seeking to recover was the identical land described in that judgment, and he pleaded the judgment in bar of Lovely's right of recovery.

The land in controversy is described in the judgment in this case as ''beginning at a stake in the line of Apperson Lovely's home farm, near the main fork of Lynn Fork of Wolfe Creek; thence running up the point on both sides to the right and left, to the top of the ridges on both sides; thence running up with the top of the ridge on both sides to the head of Lynn Fork and around the head of same, so as to include all of the land on said Lynn Fork above the place of beginning.''

It was further adjudged ''that the lower line of the land described in said judgment on Lynn Fork is the line beginning at a stake in the line of Apperson Lovely, and running across the Lynn Fork about 530 feet below the first forks of said Lynn Fork at the marked beech.''

Lynn Fork is a tributary of Wolfe Creek. Some distance up Lynn Fork from Wolfe Creek there is what is called the forks of Lynn Creek, made by two separate

branches intersecting each other. Farther up Lynn Fork and towards the hill where it forms it seems that there is another fork made by two branches that intersect. The appellant claims that the reference in the judgment in the old suit to the forks of the Lynn Fork means the two forks that form the head of Lynn Fork, while the appellee contends that the forks referred to is the fork between these head forks and Wolfe Creek or that may be called the first forks, and which one of these forks is referred to in the old judgment is really the only question in the case.

Henry Hogston gave evidence in the suit of Gardner v. Lovely, which is in the record, and he testified in substance that the line between Stamper Gardner and Lovely was below the first forks and that this line crossed the Lynn Fork about a hundred yards below the first fork at a beech tree.

Gundy Gardner also testified in this old suit that the line between Stamper Gardner and Lovely crossed the Lynn Fork about a hundred yards below the first fork at a beech.

As these are the only two witnesses that testified in the suit between Green Gardner and Lovely to the location of the line between Gardner and Lovely, and both of them placed the line below the first fork, it is very clear that when the judgment speaks of the forks of Lynn Fork it refers to the fork mentioned by these witnesses, and this sustains in a very satisfactory way the contention of appellee that the judgment in the suit of Gardner against Lovely, and which controls this case, covers the land in controversy.

Gundy Gardner also testified in the present suit and said that the old judgment described the same boundary of land claimed by the appellee in this case, and that the line between Lovely and Back is at the point where Back claims it is, which is the same point at which the line was fixed in the old judgment.

John Collins, a witness, testified that he was present when the line was run between Green Gardner and Lovely, and that it was located below the first fork.

There is of course evidence on behalf of the appellant that tends to show that this division line is at the upper fork and not the lower fork, but we think the weight of the evidence shows in a very satisfactory way that the lower fork and not the upper one is the one referred to in the old judgment.

It is also argued that the old judgment described the line in dispute as being "near the forks of the Lynn Fork of Wolfe Creek" while the judgment here appealed from fixes the line about 530 feet below the first fork of Lynn Fork, and it is contended that there is no warrant in the old judgment, and none can be found in the evidence, authorizing this court to fix this line about 530 feet below this fork. It is very true the old judgment does not attempt to locate with any degree of certainty this line, merely fixing it near this fork, but there is evidence that there was on this line as fixed by the survey between Apperson Lovely and Stamper Gardner a beech tree, and the judgment fixes this beech tree as being on the line. There are also other facts tending strongly to show that the judgment fixes the line at the place referred to in the old judgment.

Upon the whole case we are satisfied the judgment of the chancellor was correct, and it is affirmed.